FILED
CLERK, U.S. DISTRICT COURT

APR 10 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEYVA VALDEZ,<br><br>               Petitioner,<br>    vs.<br><br>W. L. MONTGOMERY,<br>WARDEN,<br><br>               Respondent. | Case No. EDCV 15-00609-VAP (DTB)<br><br>ORDER DENYING APPLICATION FOR EXTENSION OF TIME TO FILE HABEAS PETITION, AND SUMMARILY DISMISSING MATTER WITHOUT PREJUDICE |

      Petitioner, a California state prisoner who currently is incarcerated at Calipatria State Prison in Calipatria, California, has sent a communication to the Court entitled "Motion Requesting Stay and Abeyance of Federal Habeas Corpus Petition While Petitioner Exhausts Unexhausted Claims in State Court ("Motion"), and Declaration of Petitioner in Support Thereof" ("Declaration") that has been processed as an application for an extension of time in which to file a federal petition for writ of habeas corpus. According to petitioner, he requests to have his "anticipated" federal habeas petition held in abeyance because he is preparing to file his habeas petition in the state court of appeal in an effort to seek relief and exhaust his available remedies. (Motion at 1.) Petitioner also states that he is ignorant of the law and that his inmate legal assistant filed on his behalf a habeas petition in the superior court on April 10, 2014, and which was denied on May 15, 2014. (Declaration at 3.)

The timely filing of a federal habeas petition is not jurisdictional, but rather is subject to equitable tolling if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997).[1] Presently, however, the Court has concluded that petitioner's Motion must be denied and that this matter must be dismissed without prejudice for the following reasons.

First, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. Petitioner's Motion in effect seeks an advisory opinion regarding whether petitioner's federal habeas petition will be time-barred (a) if the petition is filed at some unspecified date in the future which may or may not be within the one-year limitation period accorded by 28 U.S.C. § 2244(d)(1), and (b) if the State then raises the time bar issue as a defense. Thus, the application seeks relief that the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. See, e.g., Corcoran v. Tilton, 2008 WL 816682 (C.D. Cal. Mar. 25, 2008); In re Brockett, 2006 WL 1329675 (N.D. Cal. May 15, 2006); Flores v. California, 2002 WL 1226853 (N.D. Cal. June 4, 2002); In re Burgess, 2001 WL 603609 (N.D. Cal. May 23, 2001); Smith v. State, 2007 WL 2398822 (N.D. Tex. Aug. 16, 2007); Wawak v. Johnson, 2001 WL 194974, adopted, 2001 WL 290526 (N.D. Tex. Feb. 22, 2001); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed); United States v. Clarke, 1998 WL 91069, at *1 (D. Conn. Feb. 24, 1998) (denying request for extension of limitations period to file § 2255 motion); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (same).

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1         Second, notwithstanding petitioner's allegations regarding his ignorance of the
2 law, his application fails to demonstrate (1) that he has been pursuing his rights
3 diligently, and (2) that some "extraordinary circumstances" beyond petitioner's
4 control have stood in his way and/or made it impossible for him to file his federal
5 habeas petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807,
6 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.
7 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). None of the
8 circumstances cited by petitioner - ignorance of law or the fact that he was unable to
9 speak to his inmate legal assistant - qualifies as an "extraordinary circumstance"
10 beyond petitioner's control that prevented him from filing his federal habeas petition
11 on time. See, e.g., Rasberry, 448 F.3d at 1154 (holding that "a pro se petitioner's lack
12 of legal sophistication is not, by itself, an extraordinary circumstance warranting
13 equitable tolling" of the AEDPA limitations period); Miller v. Marr, 141 F.3d 976,
14 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials did
15 not warrant equitable tolling); Wilder v. Runnels, 2003 WL 22434102, *3 (N.D. Cal.
16 Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary
17 confinement, and other common restrictions on access to the law library and legal
18 assistant programs, generally do not qualify as 'extraordinary circumstances.'");
19 Ekenberg v. Lewis, 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the
20 law and lack of legal assistance do not constitute such extraordinary circumstances.");
21 Atkins v. Harris, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("Petitioner's
22 allegations of difficulty in gaining library access, prison lockdowns, his lack of legal
23 training, poor eyesight, and transfers to various prisons fail to meet the requisite
24 extraordinary circumstances."); Ciria v. Cambra, 1998 WL 823026, *2-*3 (N.D. Cal.
25 Nov. 10, 1998) (no equitable tolling where petitioner alleging limited law library
26 access, inadequacy of available legal materials, and his limited command of the
27 English language); Bolds v. Newland, 1997 WL 732529, *2 (N.D. Cal. Nov. 12,
28 1997) ("Ignorance of the law and lack of legal assistance do not constitute such

1 | extraordinary circumstances."); see also Hinton v. Pacific Enterprises, 5 F.3d 391,
2 | 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis
3 | to equitably toll the running of an applicable statute of limitations); Barrow v. New
4 | Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of
5 | knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process,"
6 | nor "lack of representation during the applicable filing period," nor "illiteracy,"
7 | provides a basis for equitable tolling).

8 |     For the foregoing reasons, petitioner's application for an extension of time is
9 | denied and this matter is summarily dismissed without prejudice.

10 |     LET JUDGMENT BE ENTERED ACCORDINGLY.

12 | DATED: April 10 2015

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

*David T. Bristow*
David T. Bristow
United States Magistrate Judge